WAYNE KALAWAIA KAUNAMANO, JR., Petitioner-Appellant
v.
STATE OF HAWAI`I, Respondent-Appellee
No. 29126
Intermediate Court of Appeals of Hawaii
March 6, 2009.
On the briefs:
Craig T. Kimsel, for Petitioner-Appellant.
Peter B. Carlisle, Prosecuting Attorney, Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA and LEONARD, JJ.
Petitioner-Appellant Wayne Kalawaia Kaunamano, Jr. (Kaunamano) appeals the Order Denying Rule 40 Petition for Post-Conviction Relief, filed on March 27, 2008, in the District Court of the First Circuit, Honolulu Division (District Court).[1]
On appeal, Kaunamano contends that the District Court erred when it denied his Hawai`i Rules of Penal Procedure (HRPP) Rule 40 Petition because Kaunamano's no contest plea to three counts of operating a motor vehicle while his driver's license had been revoked, suspended, or otherwise restricted for driving under the influence of intoxicating liquor, in violation of Hawaii Revised Statutes (HRS) § 291-4.5 (Supp. 2000), was taken in violation of HRPP Rule 11(c). Kaunamano requests that this court vacate his convictions and remand for a "new change of plea hearing."
The State concedes that the District Court did not comply with HRPP Rule 11 before Kaunamano pled no contest. However, the State requests that the case be remanded for further proceedings on the Rule 40 Petition.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kaunamano's point of error as follows:
Although the Rule 40 Petition was unquestionably conclusory, with the attachment of the transcript of Kaunamano's arraignment and plea hearing, Kaunamano included a "trace of support" entitling him to relief. See HRPP 40(f). The State agrees that Kaunamano stated a colorable claim upon which he may be entitled to relief, despite the failure to clearly explain the basis of his claim in the Rule 40 Petition. We conclude that the State's confession of error is supported by the record and is well-founded in the law. State v. Hoang, 93 Hawai`i 333, 336, 3 P.3d 499, 502 (2000).
The District Court did not determine whether Kaunamano understood the nature of the charges, the maximum penalty provided by law, that he had a right to plead not guilty, that he was waiving his right to trial, and, if he was not a United States citizen, that there were possible consequences of deportation, exclusion of admission, or denial of naturalization. See HRPP Rule 11(c). The District Court did not address Kaunamano personally to determine that his plea was voluntary and not the result of force or threats or of promises apart from the plea agreement. See HRPP Rule 11(d). Thus, the District Court violated Rule 11. Therefore, Kaunamano stated a colorable claim that may entitle him to relief. Barnett v. State, 91 Hawai`i 20, 26, 979 P.2d 1046, 1052 (1999).
For these reasons, the District Court's March 27, 2008 Order Denying Rule 40 Petition for Post-Conviction Relief is vacated and this case is remanded for further proceedings, including a hearing on Kaunamano's Rule 40 Petition.
NOTES
[1] The Honorable Colette Y. Garibaldi presided over the Rule 40 Petition. The Honorable W. Patrick O'Connor presided at Kaunamano's arraignment and plea.