TERRITORY OF HAWAII *v.* ROBERT M. KOGAMI.

No. 2473.

SUBMITTED SEPTEMBER 10, 1945.  DECIDED SEPTEMBER 21, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

The appellant seeks review of a judgment of the district magistrate of Honolulu convicting him of violating Act 127 of Session Laws 137, as amended by Act 69 of Session Laws

1939 (now R. L. H. 1945, § 7208). He relies upon eight specifications of error, the eighth being directed to the judgment of conviction and alleging that the evidence adduced was insufficient. No brief was filed by appellee. The case was submitted without argument upon appellant's brief at which time the public prosecutor on behalf of the appellee confessed error to the judgment below as alleged by the eighth specification and, in stating that he had made a careful study of the record and authorities, conceded that the evidence does not warrant conviction.

In thus expressly admitting cause for reversal consistently with the implication attendant upon his not contesting the appeal, the public prosecutor acted with undoubted propriety. It cannot reasonably be questioned that he has the inherent power of his office as well as the duty to confess error in any case in which he is satisfied that the interests of justice demand it. Indeed nothing less would serve those interests. But his confession, though entitled to great weight, is not binding upon the appellate court, nor may a conviction be reversed on the strength of his official action alone. Before a conviction is reversed on confessed error, the public interest requires and it is incumbent upon the appellate court to ascertain first that the confession of error is supported by the record and well-founded in law and to determine that such error is properly preserved and prejudicial.

This court, after scanning the record, finds as a matter of law that the confession is justified. It finds also that the confessed error is properly preserved and its commission prejudicial, the district magistrate's judgment of conviction being founded upon the evidence adduced which in the opinion of this court failed to prove any violation of the statute. Detailed recitation of that evidence is not necessary to point out its inadequacy. In substance it shows that a single sale was made of two gallons of gasoline

176

for one-half cent less per gallon than the advertised price, the gasoline, its price and brand being duly displayed in accordance with statutory requirements. Such proof does not establish nor tend to establish the fraud or misrepresentation in the distribution and sale of any liquid represented as gasoline which the legislative intendment is designed to prevent, the statute clearly not being a price-fixing enactment. (See *In re La Belle*, 37 Cal. App. [2d] 32, 98 P. [2d] 778.) For that reason the evidence is insufficient in law to vindicate conviction. Hence appellant's specification eight and appellee's confession are sustained.

The foregoing being determinative of the appeal, the remaining specifications need not be considered.

Judgment of conviction reversed.

*S. Kashiwa* for plaintiff in error.

*W. Z. Fairbanks*, Public Prosecutor, for defendant in error.

