**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000018
16-JUL-2021
07:48 AM
Dkt. 55 SO**

NO. CAAP-20-0000018

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellee, v.
JAISAN S. WILLIAMS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWA DIVISION
(CASE NO. 1DTC-19-027684)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and Nakasone, JJ.)

Defendant-Appellant Jaisan S. Williams (**Williams**)
appeals from the Notice of Entry of Judgment and/or Order and
Plea/Judgment, entered on December 17, 2019, in the District
Court of the First Circuit, Wahiawa Division (**District Court**).[1]
Following a bench trial, Williams was convicted of Excessive
Speeding, in violation of Hawaii Revised Statutes (**HRS**) § 291C-
105(a)(1) and/or (a)(2) (Supp. 2008).[2]

On appeal, Williams contends that: (1) the District
Court failed to conduct an adequate Tachibana[3] colloquy; and (2)
there was no substantial evidence to support Williams's

---

[1] The Honorable Maura M. Okamoto presided over the trial and convicted Williams. The Honorable Summer Kupau-Odo presided over sentencing and issued the Judgment.

[2] HRS § 291C-105(a) provides: "(a) No person shall drive a motor vehicle at a speed exceeding: (1) The applicable state or county speed limit by thirty miles per hour or more; or (2) Eighty miles per hour or more irrespective of the applicable state or county speed limit."

[3] Tachibana v. State, 79 Hawai‘i 226, 236 n.7, 900 P.2d 1293, 1303 n.7 (1995).

conviction, where the State failed to lay the requisite foundation for admission of a laser device speed reading.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Williams's points of error as follows:

(1) Williams argues that the District Court's <u>Tachibana</u> colloquy was deficient and, as a result, it cannot be concluded that Williams's waiver of his right to testify was knowing, intelligent, and voluntary.

The State concedes that the District Court erred in failing to conduct an adequate <u>Tachibana</u> colloquy, and does not contend the error was harmless. Nevertheless, "this court must still determine whether the error was properly preserved, was prejudicial to [Williams], and is supported by the record." <u>State v. Hoang</u>, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000). We must also "give due consideration" to the State's concession of error, as "[a] prosecutor's confession, although not binding on an appellate court, is 'entitled to great weight.'" <u>State v. Eduwensuyi</u>, 141 Hawaiʻi 328, 337, 409 P.3d 732, 741 (2018) (quoting <u>Territory v. Kogami</u>, 37 Haw. 174, 175 (Haw. Terr. 1945)).

The validity of a defendant's waiver of the right to testify in a criminal case is a question of constitutional law reviewed by this court under the right/wrong standard. <u>State v. Celestine</u>, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018). In <u>State v. Martin</u>, 146 Hawaiʻi 365, 463 P.3d 1022 (2020), the Hawaiʻi Supreme Court summarized the relevant case law as follows:

> Our law protects both the right to testify and the right not to testify. <u>State v. Celestine</u>, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018). <u>Tachibana v. State</u>, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), established the requirement that when a defendant in a criminal case indicates an intention not to testify, the trial court must advise the defendant of the right to testify and must obtain an on-the-record waiver of the right. 79 Hawaiʻi at 236, 900 P.2d at 1303. We stated that this advisement should consist of informing the defendant (1) that they have a right to testify, (2) that if they want to testify, no one can prevent them from doing so, and (3) that if they testify, the prosecution will be allowed to cross-examine them. 79 Hawaiʻi at 236 n.7, 900 P.2d at 1303 n.7. We also stated that in connection with the privilege against

> self-incrimination, the defendant should also be advised (4) that they have a right not to testify and (5) that if they do not testify, then the jury can be instructed about that right. <u>Id.</u> (citations omitted). In a bench trial, defendants must be advised that if they exercise their right not to testify, no inference of guilt may be drawn for exercising this right, i.e., that a decision not to testify cannot be used against a defendant by the judge in deciding the case. <u>State v. Monteil</u>, 134 Hawaiʻi 361, 371-72, 341 P.3d 567, 577-78 (2014).
>
> After <u>Tachibana</u>, we also held that a second component of the <u>Tachibana</u> colloquy involves the court engaging in a true "colloquy" with the defendant. <u>Celestine</u>, 142 Hawaiʻi at 170, 415 P.3d at 912, citing <u>State v. Han</u>, 130 Hawaiʻi 83, 90-91, 306 P.3d 128, 135-36 (2013). This requires "a verbal exchange between the judge and the defendant 'in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights.'" <u>Celestine</u>, 142 Hawaiʻi at 170, 415 P.3d at 912 (citing <u>Han</u>, 130 Hawaiʻi at 90, 306 P.3d at 135 (emphasis omitted)).

<u>Id.</u> at 378, 463 P.3d at 1035 (footnote omitted).

The supreme court has found <u>Tachibana</u> advisements deficient where they "did not fully advise [the defendant] of his rights . . . ." <u>State v. Pomroy</u>, 132 Hawaiʻi 85, 92, 319 P.3d 1093, 1100 (2014). In <u>Pomroy</u>, for example, the supreme court ruled that the trial court's ultimate <u>Tachibana</u> colloquy "incompletely followed <u>Tachibana</u>'s directive" because it failed to advise the defendant that he had the right not to testify and that no one could prevent him from testifying. <u>Id.</u> at 92, 319 P.3d at 1100. Similarly, in <u>Eduwensuyi</u>, the supreme court found that the trial court's ultimate <u>Tachibana</u> colloquy was deficient because it failed to advise the defendant that no one could prevent him from testifying. 141 Hawaiʻi at 333, 409 P.3d at 737.

Here, after the State rested, the District Court engaged in the following colloquy with Williams:

> THE COURT: . . . . So Mr. Williams, you may recall, although it was a little while ago when we started this trial, I talked to you at that time about your right to testify at a trial and also your right not to testify. And . . . I recall telling you that this is your decision to make. So now I just want to say exactly the same things again to tell you. And I know you're nodding your head, but if you could answer.
>
> So you understand you have a right to testify if you want to testify?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. And you know that this is your decision to make?

THE DEFENDANT: Yes.

THE COURT: And even though you may have advice from your attorney, it is your decision --

THE DEFENDANT: Yes.

THE COURT: -- and no one can force you, you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. And you also understand that, again, you have a right not to say anything, not to testify, and if you do that, again it is your decision?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay? And so just to be absolutely clear, tell me what is your decision at this time?

THE DEFENDANT: Not to testify, ma'am.

THE COURT: Okay. Thank you.

As the State acknowledges, the District Court did not inform Williams during this colloquy that if he testified, the State would be able to cross-examine him, and if he did not testify, the court would not hold that decision against him. In light of these deficiencies under prevailing case law, and given the State's concession, we cannot conclude that the District Court properly established Williams's understanding of his right to testify. See Pomroy, 132 Hawaiʻi at 92, 319 P.3d at 1100; Eduwensuyi,141 Hawaiʻi at 333, 337, 409 P.3d at 737, 741. Therefore, the record does not demonstrate that Williams's waiver of his right to testify was knowingly, intelligently and voluntarily made.

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." Tachibana, 79 Hawaiʻi at 240, 900 P.2d at 1307 (citing State v. Silva, 78 Hawaiʻi 115, 125, 890 P.2d 702, 712 (App. 1995)). Here, the record does not contain any indication of what Williams would have said if he had testified, and the State does not argue that the defective colloquy was harmless beyond a reasonable doubt. See State v. Hoang, 94 Hawaiʻi 271, 279, 12 P.3d 371, 379 (App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect

4

a violation of the defendant's constitutional right to testify had on the outcome of any particular case."). Based on our review of the record, we cannot conclude that the District Court's deficient colloquy was harmless beyond a reasonable doubt.

We therefore vacate Williams's conviction for Excessive Speeding.

(2) Williams also argues that the District Court abused its discretion in allowing Honolulu Police Department Officer Zachary Plevel (**Officer Plevel**) to testify about Williams's speed as indicated on a "TruSpeed" LIDAR speed measuring device (**Laser Device**), "where the State failed to lay the requisite foundation" for the testimony. Williams further argues that without the testimony as to the speed reading, there was no substantial evidence to support Williams's conviction.

The State argues in part that Williams waived the evidentiary issue by failing to preserve it at trial. See State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("[I]f a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]"). We agree.

To lay a foundation for the introduction of a speed measurement by a laser device, the State must demonstrate that: (1) the operator who used the device received training, the nature and extent of which met the device manufacturer's requirements (**training prong**), see State v. Amiral, 132 Hawaiʻi 170, 178, 319 P.3d 1178, 1186 (2014) (quoting State v. Assaye, 121 Hawaiʻi 204, 215, 216 P.3d 1227, 1238 (2009)); State v. Gonzalez, 128 Hawaiʻi 314, 327, 288 P.3d 788, 801 (2012); and (2) prior to making the reading at issue, the device's accuracy was tested and determined to be operating properly according to the manufacturer's recommended procedures (**testing prong**), see Gonzalez, 128 Hawaiʻi 314, 325-26, 288 P.3d 788, 799-800. As to the training prong, the State must show both (a) the manufacturer's training requirements, and (b) the training actually received by the operator of the device. See Amiral, 132 Hawaiʻi at 178, 319 P.3d at 1186 (citing Gonzalez, 128 Hawaiʻi at 327, 288 P.3d at 801).

During the State's case-in-chief, Williams objected generally "for lack of foundation" to Officer Plevel's testimony as to the speed reading from the Laser Device. "[A] 'lack of foundation' objection generally is insufficient to preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation." State v. Long, 98 Hawaiʻi 348, 353, 48 P.3d 595, 600 (2002). However, "an exception is recognized when the objection is overruled and, based on the context, it is evident what the general objection was meant to convey." Id.

Here, the lack-of-foundation objection was overruled, but the exception does not apply, because it is not evident based on the context what the general objection was meant to convey. Indeed, Williams's later arguments at trial and on appeal reveal that he could have been objecting on at least two different grounds to the admission of the speed reading from the Laser Device. At trial, during closing argument, Williams asserted among other things that "Officer Plevel did not testify as to whether his training met the manufacturer's requirements." However, Williams argued more specifically that "foundation for the speed reading [was] lacking" because the State "[had not] proven that the device was in proper working order," thus asserting that the State had failed to meet the testing prong.[4] On appeal, Williams argues only that the speed reading lacked

---

[4] As Williams concluded his closing argument, he had the following exchange with the District Court:

> THE COURT: . . . .
>
> And if you're . . . saying that they haven't met every element, what are the elements that they haven't met?
>
> [DEFENSE COUNSEL]: We would argue, Your Honor, that they haven't proven that the device was in proper working order, therefore foundation for the speed reading is lacking.
>
> THE COURT: Anything else?
>
> [DEFENSE COUNSEL]: No.
>
> THE COURT: . . . .
>
> Okay. Is there anything else?
>
> [DEFENSE COUNSEL]: No, Your Honor. We'd rest on that argument.

foundation because the State failed to establish "that the nature and extent of Officer Plevel's training in the operation of the [Laser Device] met the requirements indicated by the manufacturer," thus asserting that the State failed to meet the <u>training</u> prong. Accordingly, we cannot conclude that it is evident based on the context what Williams's lack-of-foundation objection during Officer Plevel's testimony was meant to convey. We therefore conclude that Williams failed to sufficiently preserve the evidentiary argument he is now making on appeal.

Upon review of the record, and viewing the evidence in the strongest light for the prosecution, <u>see</u> <u>State v. Bowman</u>, 137 Hawaiʻi 398, 405, 375 P.3d 177, 184 (2016), we further conclude there was substantial evidence supporting Williams's conviction for Excessive Speeding.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on December 17, 2019, in the District Court of the First Circuit, Wahiawa Division, is vacated. The case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, July 16, 2021.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge