**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000755
13-JUN-2022
07:45 AM
Dkt. 34 SO**

NO. CAAP-20-0000755

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOHNNY TORRES, also known as Johnny J. Torres
and/or Johnny Torres, Jr., Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-20-0000768)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

Defendant-Appellant Johnny Torres, also known as Johnny J. Torres and/or Johnny Torres, Jr. (**Torres**), appeals from the Judgment of Conviction and Sentence; Notice of Entry (**Judgment**), entered on December 4, 2020, in the Family Court of the First Circuit (**Family Court**).[1] Following a bench trial, Torres was convicted of Refusal to Comply with a Lawful Order of a Police Officer, in violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) and (4).[2]

---

[1]    The Honorable Linda S. Martell presided.

[2]    HRS § 709-906 (2014) provides, in relevant part:

(1) It shall be unlawful for any person . . . to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). . . .

. . . .

        (4) Any police officer, with or without a warrant, shall take the following course of action, regardless of whether the physical abuse or harm occurred in the officer's

(continued...)

On appeal, Torres contends that the Family Court violated his constitutional right to testify by failing to conduct a proper pre-trial advisement under State v. Lewis, 94 Hawaiʻi 292, 12 P.3d 1233 (2000), and a proper ultimate colloquy under Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Torres's contentions as follows, and vacate the Judgment.

Torres contends that the pretrial advisement under Lewis and the ultimate colloquy under Tachibana were deficient because the Family Court failed to engage Torres in a true colloquy to ensure he understood his right to testify.

The State concedes that the Family Court erred in failing to conduct adequate Lewis and Tachibana colloquies, and does not contend that the error was harmless. Although we are not bound by it, we must also "give due consideration" to the State's concession of error, as "[a] prosecutor's confession, although not binding on an appellate court, is 'entitled to great weight.'" State v. Eduwensuyi, 141 Hawaiʻi 328, 337, 409 P.3d 732, 741 (2018) (quoting Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)).

The validity of a defendant's waiver of the right to testify in a criminal case is a question of constitutional law

--------

[2/] (...continued)
presence:

. . . .

(b) If the person who the police officer reasonably believes to have inflicted the abuse is eighteen years of age or older, the police officer lawfully shall order the person to leave the premises for a period of separation, during which time the person shall not initiate any contact, either by telephone or in person, with the family or household member. . .

. . . .

(e) If the person so ordered . . . returns to the premises before the expiration of the period of separation . . . , the person shall be placed under arrest for the purpose of preventing further physical abuse or harm to the family or household member[.]

reviewed by this court under the right/wrong standard. State v. Celestine, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018). In State v. Martin, 146 Hawaiʻi 365, 463 P.3d 1022 (2020), the Hawaiʻi Supreme Court summarized the relevant case law as follows:

> Our law protects both the right to testify and the right not to testify. State v. Celestine, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018). Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), established the requirement that when a defendant in a criminal case indicates an intention not to testify, the trial court must advise the defendant of the right to testify and must obtain an on-the-record waiver of the right. 79 Hawaiʻi at 236, 900 P.2d at 1303. We stated that this advisement should consist of informing the defendant (1) that they have a right to testify, (2) that if they want to testify, no one can prevent them from doing so, and (3) that if they testify, the prosecution will be allowed to cross-examine them. 79 Hawaiʻi at 236 n.7, 900 P.2d at 1303 n.7. We also stated that in connection with the privilege against self-incrimination, the defendant should also be advised (4) that they have a right not to testify and (5) that if they do not testify, then the jury can be instructed about that right. Id. (citations omitted). In a bench trial, defendants must be advised that if they exercise their right not to testify, no inference of guilt may be drawn for exercising this right, i.e., that a decision not to testify cannot be used against a defendant by the judge in deciding the case. State v. Monteil, 134 Hawaiʻi 361, 371-72, 341 P.3d 567, 577-78 (2014).
>
> After Tachibana, we also held that a second component of the Tachibana colloquy involves the court engaging in a true "colloquy" with the defendant. Celestine, 142 Hawaiʻi at 170, 415 P.3d at 912, citing State v. Han, 130 Hawaiʻi 83, 90-91, 306 P.3d 128, 135-36 (2013). This requires "a verbal exchange between the judge and the defendant 'in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights.'" Celestine, 142 Hawaiʻi at 170, 415 P.3d at 912 (citing Han, 130 Hawaiʻi at 90, 306 P.3d at 135 (emphasis omitted)).
>
> . . . .
>
> A defendant's right to testify is violated when the colloquy does not establish "an objective basis for finding that the defendant knowingly, intelligently, and voluntarily gave up" their right to testify. Han, 130 Hawaiʻi at 91, 306 P.3d at 136. Courts look to the totality of the facts and circumstances to determine whether a waiver of the right to testify was voluntarily and intelligently made. 130 Hawaiʻi at 89, 306 P.3d at 134.

Id. at 378-79, 463 P.3d at 1035-36 (footnotes and brackets omitted).

Additionally, in Lewis, the supreme court adopted a prospective requirement that, "prior to the start of trial, trial courts must '(1) inform the defendant of his or her personal

3

right to testify or not to testify and (2) alert the defendant that if he or she has not testified by the end of the trial, the court will briefly question the defendant to ensure that the decision not to testify is the defendant's own decision.'" <u>Monteil</u>, 134 Hawaiʻi at 371, 341 P.3d at 577 (quoting <u>Lewis</u>, 94 Hawaiʻi at 297, 12 P.3d at 1238).

We find dispositive Torres's contention that the Family Court failed to conduct a proper ultimate colloquy under <u>Tachibana</u>. In particular, the Family Court failed to engage Torres in a "true colloquy" before the defense rested.[3/] <u>Martin</u>,

---

[3/] After the State rested, the Family Court advised Torres as follows:

> THE COURT: . . . .
>
> . . . Mr. Torres[,] . . . you have a constitutional right to testify in your own defense.
>
> Although you should talk with your attorney before deciding whether or not to testify, it is your personal right and no one can prevent you from testifying should you choose to do so. But if you do choose to testify, you have to know the prosecutor can ask you questions about your testimony on cross-examination.
>
> You also have a constitutional right to remain silent and not to testify. If you choose not to testify, I can't hold this against you in any way in deciding the case.
>
> So we're at that point in the trial where I'm questioning you whether you want to testify or not, and if you wanna talk with your attorney, you can do that too. I'm not trying to rush you. But you just have to be aware of the colloquy, the questions. Okay?
>
> Do you need to talk to [Defense Counsel]?
>
> THE DEFENDANT: Yes, ma'am, Your Honor.
>
> THE COURT: Okay. . . .
>
> [Two-minute recess taken.]
>
> . . . .
>
> THE COURT: All right. Please be seated.
>
> So, [Defense Counsel], what is your client going to do?
>
> [DEFENSE COUNSEL]: Judge, he would exercise his right to remain silent.
>
> THE COURT: Okay. So, Mr. Torres, this is your choice, correct?

(continued...)

146 Hawaiʻi at 378, 463 P.3d at 1035 (citing <u>Celestine</u>, 142 Hawaiʻi at 170, 415 P.3d at 912).  Although the Family Court advised Torres regarding his rights to testify and not to testify, it failed to engage him in a verbal exchange to ascertain his understanding of the proceedings and of his rights. <u>See</u> <u>id.</u>

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt."  <u>Tachibana</u>, 79 Hawaiʻi at 240, 900 P.2d at 1307.  Here, the State does not contend, and we cannot conclude, that the violation was harmless beyond a reasonable doubt.  <u>See</u> <u>State v. Hoang</u>, 94 Hawaiʻi 271, 279, 12 P.3d 371, 379 (App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case.").

For these reasons, we vacate the Judgment of Conviction and Sentence; Notice of Entry, entered on December 4, 2020, in

---

[3] (...continued)

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And nobody's forcing you one way or another?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And your mind is clear?

THE DEFENDANT: Yes, ma'am.

THE COURT:  Okay.  Very good.

All right.

[DEPUTY PROSECUTING ATTORNEY]:  Your Honor, I'm sorry. . . .  [A]ren't there a couple more questions in the Tachibana colloquy?

THE COURT:  A couple more questions?

Okay.  Is this your personal decision, Mr. Torres?

Not to testify, is that correct?

THE DEFENDANT:  Yes, ma'am, Your Honor.

THE COURT:  Okay.  And is anybody forcing you, threatening you, coercing you, or pressuring you not to testify?

THE DEFENDANT:  No, ma'am, Your Honor.

the Family Court of the First Circuit.  We remand the case for a new trial and for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, June 13, 2022.


On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge