**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000397**
**27-JUN-2022**
**07:47 AM**
**Dkt. 43 SO**

NO. CAAP-21-0000397


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
SANDRA A. TSUKIYAMA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCC-19-0015033)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)


Defendant-Appellant Sandra A. Tsukiyama (**Tsukiyama**) appeals from the June 1, 2021 Notice of Entry of Judgment and/or Order (**Judgment**) entered by the District Court of the First Circuit, Honolulu Division (**District Court**)[1] convicting her of negligent failure to control a dangerous dog (**NFCDD**), in violation of Revised Ordinances of Honolulu (**ROH**) § 7-7.2.[2]

---

[1]    The Honorable Karin L. Holma presided.

[2]    ROH § 7-7.2(a) (1990 & Supp. No. 12, 2-08) provides, in relevant part:

A dog owner commits the offense of negligent failure to control a dangerous dog, if the owner negligently fails to take reasonable measures to prevent the dog from attacking, without provocation, a person or animal and such attack results in: (1) the maiming or causing of serious injury to or the destruction of an animal or (2) bodily injury to a person other than the owner. A person convicted under this subsection shall be guilty of a petty misdemeanor for a first offense . . . .

Tsukiyama seeks reversal[3] of the Judgment, contending that Plaintiff-Appellee State of Hawaiʻi (**State**) provided no substantial evidence to convict her of NFCDD because it failed to prove she was the offending dogs' "owner" as defined in ROH § 7-7.1 or that she acted negligently in failing to prevent the attack.  The State concedes her arguments.[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we reverse the Judgment for the following reasons.

Complaining witness Yumiko Martinez (**CW**) testified that:  she was standing in front of her house when the dogs approached, pushed her down, and one of them bit her leg; the dogs belonged to Tsukiyama and they came from her property, which was directly next door; Alvin Shiraishi (**Shiraishi**), who lives with Tsukiyama, was tending the dogs at the time, and they were unleashed and in Tsukiyama's garage; Tsukiyama was not home; Shirashi offered to pay her medical bills; and she never intended to press charges.  Shiraishi testified that:  Tsukiyama was not home, and he was taking care of the dogs for her; the incident was his "fault" because he lacked full control of the dogs; though they were collared and leashed, he let go of the leashes to put the dogs' feces in the nearby dumpster; and he did not realize they ran towards CW until he heard the commotion.

In a sufficiency-of-the-evidence challenge, "[t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact."  State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).  "'Substantial evidence' as to every material element of the offense charged is

---

[3]     Tsukiyama requests that this court vacate and remand the Judgment for entry of a not guilty verdict, which we construe as a request for a reversal.  See Hawaiʻi Rules of Appellate Procedure Rule 35(e).

[4]     We "give due consideration" to the State's concession of error, as "[a] prosecutor's confession, although not binding on an appellate court, is 'entitled to great weight.'"  State v. Eduwensuyi, 141 Hawaiʻi 328, 337, 409 P.3d 732, 741 (2018) (quoting Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)).

credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. at 158, 166 P.3d at 331.

Under ROH § 7-7.2(a), "[a] dog owner commits the offense of [NFCDD], if the owner negligently fails to take reasonable measures to prevent the dog from attacking" a person, and that "such attack results in . . . bodily injury to a person other than the owner."

Assuming *arguendo* Tsukiyama is the dogs' owner,[5] there is no substantial evidence that she negligently failed to take reasonable measures to prevent them from attacking.

Under ROH § 7-7.1, "negligently" has "the same meaning as is ascribed to the term in [Hawaii Revised Statutes (**HRS**)] Section 702-206."  HRS § 702-206(4) (2014) defines "negligently" as follows:

> (a) A person acts negligently with respect to his [or her] conduct when he [or she] should be aware of a substantial and unjustifiable risk taken that the person's conduct is of the specified nature.
>
> (b) A person acts negligently with respect to attendant circumstances when he [or she] should be aware of a substantial and unjustifiable risk that such circumstances exist.
>
> (c) A person acts negligently with respect to a result of his [or her] conduct when he [or she] should be aware of a substantial and unjustifiable risk that his [or her] conduct will cause such a result.
>
> (d) A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of his [or her] conduct and the circumstances known to him [or her], involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.

Negligence involves "the inadvertent creation . . . of a risk of which the defendant would have been aware had the defendant not deviated grossly from the standard of care that a law-abiding person would have observed in the same situation."  HRS § 702-206

_____

[5]      Under ROH § 7-7.1, "Owner" is defined as "any person owning, harboring or keeping a dog."

cmt. (2014). "[T]he risk . . . must be 'substantial and unjustifiable.'" Id.

ROH § 7-7.2(b) defines "reasonable measures to prevent the dog from attacking" as including, *inter alia*, measures required "to prevent the dog from becoming a stray[.]" A "stray" dog is any untethered dog in a "public place." ROH § 7-4.1 (1990 & Supp. No. 19, 7-2011).[6]

Here, the record does not reflect that Tsukiyama or Shiraishi left the dogs unleashed in a public area. Cf. State v. Argus, No. CAAP-17-0000340, 2019 WL 3384851, at *3 (App. July 26, 2019) (SDO); State v. Benson, No. CAAP-21-0000012, 2022 WL 1799132, at *1 (App. June 2, 2022) (SDO).[7] Though Shiraishi temporarily let go of the dogs' leashes while the dogs were still on Tsukiyama's property or in her garage, the dogs escaped and approached CW as she stood in front of her home. Nothing in the record indicates that Tsukiyama gave Shiraishi permission or authority to allow the dogs to be unleashed while on her property or in her garage. Indeed, Shiraishi's admission that the incident was his fault suggests he knew the dogs were to remain leashed. Moreover, the incident happened unexpectedly and without time to react; and most importantly, because Tsukiyama was not at home, there was nothing she could do to prevent the dogs from becoming "stray[s]." ROH § 7-7.2(b). This is similar to the circumstances in State v. MacDonald, No. 28793, 2009 WL 245436, at *5 (App. Jan. 30, 2009) (SDO), and State v. Hironaka, No. CAAP-18-0000404, 2019 WL 2366370, at *3, (App. June 5, 2019) (SDO), where we found no substantial evidence that the defendants negligently failed to take reasonable measures to prevent the

---

[6] ROH § 7-4.1 provides that a "stray" dog is any dog in a "public place, except when under the control of the owner by leash, cord, chain or other similar means of physical restraint . . . ."

[7] In Argus, we affirmed a conviction where the defendant's dog was unleashed when it bit a person walking on a public sidewalk. 2019 WL 3384851, at *3. In Benson, we similarly affirmed a conviction where the defendant left her unleashed dog in her car in a public parking lot with the windows partially down; when the complaining witness walked by, the dog leaned out of the window and bit him. 2022 WL 1799132, at *1.

dogs from attacking.  Given further the State's concession of error, we make the same finding here.[8]

For the foregoing reasons, the June 1, 2021 Notice of Entry of Judgment and/or Order entered by the District Court of the First Circuit, Honolulu Division, is reversed.

DATED:  Honolulu, Hawaiʻi, June 27, 2022.

On the briefs:

William A. Harrison,
for Defendant-Appellant.

Donn Fudo,
Deputy Attorney General,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[8]    Accordingly, we need not reach Tsukiyama's argument that she was not the dogs' "owner" under ROH § 7-7.1 at the time of the incident.