**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000058
28-APR-2023
07:51 AM
Dkt. 52 SO**

NO. CAAP-20-0000058

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee,
v.
REID M. MORIKAWA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO.  1DTA-19-00243)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Reid M. Morikawa (**Morikawa**) appeals from the (1) July 2, 2019 "Notice of Entry of Judgment and/or Order and Plea/Judgment," and the (2) January 7, 2020 "Notice of Entry of Judgment and/or Order and Plea/Judgment," both entered by the District Court of the First Circuit (**District Court**).[1] After a bench trial, Morikawa was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).[2]

---

[1]  The Honorable Sherri-Ann L. Iha presided over the July 2, 2019 bench trial and entered the July 2, 2019 judgment.  The Honorable Randal I. Shintani entered the January 7, 2020 judgment.  The Honorable Philip Doi presided over the February 26, 2019 hearing on the Motion to Suppress Statements (**Motion to Suppress**) and entered the Finding of Facts, Conclusions of Law, and Order (**FOFs/COLs**).

[2]  HRS § 291E-61(a)(1) (2020) provides:

(a) A person commits the offense of [OVUII] if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Morikawa raises four points of error on appeal, contending that: (1) the "case must be dismissed pursuant to State v. Thompson[3] where the [C]omplaint did not meet the requirements of HRS § 805-1"; (2) the District Court "failed to engage Morikawa in a colloquy prior to his testimony to ensure that his waiver of his right not to testify was knowing, intelligent and voluntary"; (3) the District Court erred in failing to suppress "Morikawa's performance on the [standardized field sobriety test (**SFST**)] as the fruit of the poisonous tree"; and (4) the Plaintiff-Appellee State of Hawaiʻi (**State**) "committed prosecutorial misconduct by violating the district court's ruling on the motion to suppress."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Morikawa's points of error as follows, and remand for a new trial.

On January 18, 2019, the State charged Morikawa with OVUII. On February 19, 2019, Morikawa filed a Motion to Suppress requesting to suppress the following:

> 1. Any statements made by [Morikawa] to Honolulu Police Department ("HPD") Officers or other governmental personnel.
>
> 2. Any and all evidence seized or information gained by the Honolulu Police Department after [Morikawa] was placed under arrest, was not read his/her Miranda rights or was instructed that he/she did not have a right to have an attorney.

On March 19, 2019, the District Court filed its FOFs/COLs, suppressing Morikawa's answers to whether he would participate in the SFST, the medical rule-out (**MRO**) questions, and if he understood the SFST instructions, but denying suppression of Morikawa's SFST performance.

The following facts are adduced from the unchallenged FOFs/COLs. State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (citation omitted) (explaining that unchallenged

_____

[3] In Thompson, the Hawaiʻi Supreme Court held that failure to comply with HRS § 805-1 renders a complaint "fatally defective," and therefore, an arrest warrant or penal summons "may not issue" upon it. 150 Hawaiʻi 262, 267-68, 500 P.3d 447, 452-53 (2021).

FOFs are binding upon this court).  On December 30, 2018, Honolulu Police Department (**HPD**) Sergeant Mark Kono (**Sergeant Kono**) pulled Morikawa's car over after observing him speeding and weaving in between lanes.  FOFs 1-4.  When Sergeant Kono approached Morikawa, he observed that Morikawa had red, watery, glassy eyes, and a strong odor of alcohol on his breath.  FOF 5.  HPD Officer Thomas Iinuma (**Officer Iinuma**) then arrived at the scene, and Sergeant Kono apprised him of the situation.  FOF 7.  Officer Iinuma took over the investigation and asked Morikawa if he would participate in a SFST, to which Morikawa agreed.  FOF 8.  Before administering the SFST, Officer Iinuma asked Morikawa MRO questions to determine whether he was on any medications, was diabetic, epileptic, or under the care of a doctor or eye doctor, was blind, had a glass eye, or wore corrective lenses, or had physical defects or impediments.  FOFs 10-11.  Morikawa answered "no" to all except that he wore glasses and was under an eye doctor's care.  FOF 12.  Officer Iinuma then instructed Morikawa on how to perform each part of the SFST, and asked if he understood the instructions.  FOF 17.  Morikawa performed the SFST, but refused to take a preliminary alcohol screen test.  FOFs 19-20.  During the encounter, Morikawa was never given Miranda[4] warnings.

The District Court held a bench trial on July 2, 2019. Before Morikawa testified, the District Court advised him as follows:

> THE COURT:  As . . . we discussed before . . . trial, you have a constitutional right to testify in your own defense.  And although you should consult with your attorney regarding the decision to testify, it is your decision and no one can prevent you from testifying should you choose to do so.
>
> Now, you have elected to testify.  Keep in mind that the prosecutor will be allowed to cross-examine you or ask you questions.  Okay?

At the end of the trial, the District Court ruled that it found the officers credible, that Morikawa "was not credible," and

---

[4]    Miranda v. Arizona, 384 U.S. 436 (1966).

3

rejected Morikawa's explanation for any deviation in his performance on the SFST.  The District Court found Morikawa guilty as charged.  This appeal followed.

(1)  Morikawa argues that the Complaint was defective under HRS § 805-1[5] because no witness with direct observations of Morikawa's misconduct "subscribed to" or "submitted a declaration in support of the [C]omplaint."  Rather, the Complaint was signed by the deputy prosecuting attorney (**DPA**).  Whether the Complaint complied with applicable statute and/or rule is a question of law we review *de novo*.  Thompson, 150 Hawaiʻi at 266, 500 P.3d at 451 (citation omitted).

The Hawaiʻi Supreme Court recently held, in State v. Mortensen-Young, SCAP-22-0000045, 2023 WL 2519396, at *15 (Mar. 15, 2023), that HRS § 805-1 applies only to criminal complaints used to obtain a penal summons or arrest warrant.  In other cases, such as the OVUII prosecutions at issue in Mortensen-Young, Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 7[6] provides the proper framework to analyze the sufficiency of complaints.  Id. at *14-15.  In Mortensen-Young, the supreme court held that

---

[5]    HRS § 805-1 (2014) states, in pertinent part:

> **§805-1. Complaint; form of warrant.**  When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court. . . .

[6]    HRPP Rule 7 states, in pertinent part:

> **Rule 7. INDICTMENT, INFORMATION, OR COMPLAINT.**
>
> . . . .
>
>     (d) **Nature and contents.**  The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . .  A complaint shall be signed by the prosecutor.  The charge need not contain a formal conclusion or any other matter not necessary to such statement. . . .  The charge shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. . . .

4

the appellees were properly charged by complaint, signed by the DPA, for the offense of OVUII pursuant to HRPP Rule 7(d), which does not require that a "'charging instrument in a misdemeanor case be signed by anyone other than a prosecutor'" or "'subscribed under oath or made by declaration in lieu of an affidavit by anyone.'"   Id. at *14.

Here, as in Mortensen-Young, HRS § 805-1 is inapplicable because the Complaint was not used to obtain a penal summons or arrest warrant.  The Complaint set forth a concise and definite statement of the essential facts, was signed by the prosecutor, and referenced the statute that Morikawa allegedly violated, as required by HRPP Rule 7(d).  Thus, the Complaint was sufficient to initiate the subject prosecution.  See Mortensen-Young, 2023 WL 2519396, at *14-15.

**(2)** Morikawa argues that the District Court violated his constitutional right not to testify under State v. Torres, 144 Hawaiʻi 282, 294-95, 439 P.3d 234, 246-47 (2019), in that it only advised him of his right to testify, but not of his right not to testify.  This contention has merit.  "The validity of a defendant's waiver of constitutional rights in a criminal case is a question of law under the state and federal constitutions, which we review under the right/wrong standard."  State v. Martin, 146 Hawaiʻi 365, 377, 463 P.3d 1022, 1034 (2020) (citing Torres, 144 Hawaiʻi at 288, 439 P.3d at 240).

"Our precedents [] firmly establish that a defendant's right to testify is of equal constitutional stature to the defendant's corresponding right to refrain from testifying."  Torres, 144 Hawaiʻi at 284, 439 P.3d at 236.  A colloquy protects both rights; thus, when a defendant chooses to testify, "trial courts are required to engage in an on-the-record colloquy with a defendant when the defendant chooses to testify to ensure that a waiver of the right not to testify is knowing, intelligent, and voluntary."  Id. at 294-95, 439 P.3d at 246-47 (footnote omitted).  When a violation of the constitutional right not to testify occurs, "the conviction must be vacated unless the State

5

can prove that the violation was harmless beyond a reasonable doubt." Id. at 290-91, 439 P.3d at 242-43 (footnote and citation omitted).

The record does not reflect that the District Court advised Morikawa regarding his right not to testify; thus, the District Court's colloquy was defective.[7] See id. at 294-95, 439 P.3d at 246-47. The State also concedes the District Court's failure to conduct a proper colloquy[8] and does not contend that the violation was harmless beyond a reasonable doubt;[9] accordingly, Morikawa is entitled to a new trial. See id. at 290-91, 439 P.3d at 242-43.

**(3)** Morikawa argues that his performance on the SFST was the "fruit of the poisonous tree" because the District Court had already suppressed Morikawa's responses to (1) being asked if he would like to participate in the SFST, (2) whether he understood the instructions of the SFST,[10] and (3) the MRO

---

[7] Prior to Morikawa testifying at trial, the District Court advised Morikawa as follows:

> THE COURT: As . . . we discussed before . . . we started trial, you have a constitutional right to testify in your own defense. And although you should consult with your attorney regarding the decision to testify, it is your decision and no one can prevent you from testifying should you choose to do so.
>
> Now, you have elected to testify. Keep in mind that the prosecutor will be allowed to cross-examine you or ask you questions. Okay?

The transcript does not reflect any response from Morikawa, and shows that Morikawa was then administered the oath and sworn as a witness.

[8] We give "due consideration" to the State's concession of error, as "[a] prosecutor's confession, although not binding on an appellate court, is 'entitled to great weight.'" State v. Eduwensuyi, 141 Hawaiʻi 328, 337, 409 P.3d 732, 741 (2018) (quoting Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)).

[9] The District Court took into consideration Morikawa's testimony, found him not credible, and rejected his explanation for any deviation in his performance on the SFST.

[10] While Morikawa categorizes three types of Miranda violations in his point of error, only one (MRO questions) has been held to be a Miranda violation. See State v. Skapinok, 151 Hawaiʻi 170, 185, 510 P.3d 599, 614 (2022). The other two "violations" Morikawa refers to (i.e. preliminary
(continued...)

questions.  "[W]e review the [District Court]'s ruling on a motion to suppress <u>de novo</u> to determine whether the ruling was 'right' or 'wrong.'"  <u>State v. Manion</u>, 151 Hawaiʻi 267, 271-72, 511 P.3d 766, 770-71 (2022) (internal citation omitted) (quoting <u>State v. Lee</u>, 149 Hawaiʻi 45, 49, 481 P.3d 52, 56 (2021)).

In <u>Skapinok</u>, the supreme court held that performance on the SFST is not "the fruit of the poisonous tree" because

> [a]lthough they immediately precede[] the SFST in time, the medical rule-out questions [do] not give the officers information that le[a]d them to search for evidence of intoxication, nor d[oes] the medical rule-out questions pique their suspicions such that their investigation [is] directed towards discovering evidence of intoxication.

151 Hawaiʻi at 186-87, 510 P.3d at 615-16 (internal quotation marks and brackets omitted) (quoting <u>Manion</u>, 151 Hawaiʻi at 273, 511 P.3d at 772).

Here, the record reflects that Officer Iinuma had already set out to administer the SFST before asking the MRO questions, and had already asked for, and received, Morikawa's consent for the test.  The officers did not "'exploit the illegality by continuing to gather evidence that they had already set out to gather.'"  <u>Id.</u> at 187, 510 P.3d at 616 (citation omitted).  Thus, the District Court did not err in denying the suppression of Morikawa's performance on the SFST.  <u>See</u> <u>id.</u>

**(4)** Because we remand for a new trial, we do not reach the argument that the State committed prosecutorial misconduct at trial.

For the foregoing reasons, the July 2, 2019 "Notice of Entry of Judgment and/or Order and Plea/Judgment," and the January 7, 2020 "Notice of Entry of Judgment and/or Order and Plea/Judgment," both entered by the District Court of the First

---

[10](...continued) questions regarding a defendant's willingness to participate in a SFST, and understanding of the SFST instructions) have been held to not constitute interrogation, based on recent decisions by our supreme court.  <u>See</u> <u>id.</u> at 186, 510 P.3d at 615.  Thus, we only analyze the issue of whether the SFST performance is the "fruit of the poisonous tree" from the MRO questions.

7

Circuit, are vacated, and this matter is remanded for new trial consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, April 28, 2023.

On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
for Plaintiff-Appellee

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge