3 P.3d 499

STATE of Hawai'i, Petitioner–Appellee,

v.

Tan T. HOANG, Respondent–Appellant.

No. 21869.

Supreme Court of Hawai'i.

July 10, 2000.

Theodore Y.H. Chinn, Deputy Public Defender, on the motion, for respondent-appellant.

Alexa Fujise, Deputy Prosecuting Attorney, in opposition, for petitioner-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, and RAMIL, JJ.; and Circuit Judge GRAULTY, Assigned by Reason of Vacancy.

MOTION FOR RECONSIDERATION

Opinion of the Court by MOON, C.J.

Respondent-appellant Tan T. Hoang seeks reconsideration of our decision in *State v. Hoang*, No. 21869 (Hawai'i Apr. 17, 2000) [hereinafter, the April 17, 2000 order], wherein we vacated the holding of the Intermediate Court of Appeals (ICA), depublished its February 29, 2000 opinion, and affirmed the judgment, conviction, and sentence filed July 24, 1998. In our April 17, 2000 order, we noted the absence of the transcript of Hoang's April 8, 1998 arraignment hearing

(the arraignment transcript) in the record on appeal, without which the ICA "did not, and this court does not, have a basis upon which to review the point of error raised in the present appeal." In his motion for reconsideration and accompanying memorandum of law, Hoang argues that the arraignment transcript was unnecessary for the disposition of his appeal. Alternatively, if this court chooses not to vacate its April 17, 2000 order, Hoang requests that this court address the merits of his remaining points of error on appeal. For the reasons discussed below, we sustain our April 17, 2000 order as it relates to Hoang's failure to include the arraignment transcript in the record on appeal. However, because the ICA did not address his remaining points of error on appeal, we grant Hoang's motion for reconsideration in part, modify our April 17, 2000 order by vacating our affirmance of the judgment, conviction, and sentence, and remand this case to the ICA to address Hoang's remaining points of error.

## I. BACKGROUND

In the instant case, Hoang appealed from his conviction of and sentence for assault in the third degree. On appeal before the ICA, Hoang raised several points of error: (1) the prosecution failed to file a written charge or make an oral charge; (2) the trial court failed to obtain an on-the-record waiver of Hoang's right to testify; (3) the sentencing court failed to obtain an on-the-record waiver of Hoang's right of presentence allocution without affording him an opportunity to speak on his own behalf; and (4) there was insufficient evidence to support his conviction. The ICA agreed with Hoang's first point of error and held that, because the prosecution failed to formally charge Hoang, notwithstanding Hoang's on-the-record waiver of an oral reading of the charge, the trial court did not have jurisdiction over Hoang's criminal case. Consequently, the ICA vacated Hoang's conviction and sentence. The ICA did not address Hoang's remaining points of error.

Petitioner-appellee State of Hawai'i (the prosecution) timely filed an application for a writ of certiorari to review the ICA's opinion, which this court granted. Noting that the

record failed to include the arraignment transcript, we held that Hoang failed to meet his burden of providing the relevant transcript and vacated the ICA's opinion. Specifically, the order stated:

It appears from the record on appeal that: (1) the April 8, 1998 transcript is not part of the record; (2) a motion to supplement the record with the April 8, 1998 transcript was filed, but denied without prejudice to the filing of a subsequent motion to supplement; (3) appellant failed to file the subsequent motion; and (4) the Intermediate Court of Appeals acknowledged, in its February 29, 2000 opinion, that the April 8, 1998 transcript was unavailable.

When an appellant desires to raise any point on appeal that requires the consideration of the oral proceedings before the court appealed from, the appellant bears the burden to show error by reference to matters in the record, and he or she has the responsibility of providing the relevant transcript. *See* Hawai'i Rules of Appellate Procedure Rule 10 (1999); *see also Union Building Materials Corp. v. The Kakaako Corp.*, 5 Haw.App. 146, 151, 682 P.2d 82, 87 (1984) (citing *State v. Goers*, 61 Haw. 198, 600 P.2d 1142 (1979)). Defendant-appellant-respondent Tan T. Hoang has failed to meet his burden. Without the April 8, 1998 transcript, the Intermediate Court of Appeals did not, and this court does not, have a basis upon which to review the point of error raised in the present appeal. *See Bettencourt v. Bettencourt*, 80 Hawai'i 225, 231, 909 P.2d 553, 559 (1995) (affirming the sanctions imposed by the family court because, where the appellant failed to include the relevant transcripts, the appellate court has no basis upon which to review appellant's point of error); *see also Lepere v. United Public Workers, Local 646, AFL–CIO*, 77 Hawai'i 471, 473, 887 P.2d 1029, 1031 (1995); *Union Building Materials Corp.*, 5 Haw.App. at 152, 682 P.2d at 88; *Tradewinds Hotel, Inc. v. Cochran*, 8 Haw.App. 256, 266, 799 P.2d 60, 66 (1990) (court is unable to review asserted errors where appellant has failed to provide transcript of proceedings below). Therefore,

IT IS HEREBY ORDERED that (1) the February 29, 2000 Opinion by the Intermediate Court of Appeals is vacated, and (2) the judgment, conviction, and sentence from which this appeal is taken is affirmed.

By order dated April 20, 2000, the February 29, 2000 opinion of the ICA was depublished. Hoang timely filed this motion for reconsideration.

## II. DISCUSSION

In his motion for reconsideration, Hoang contends that his arraignment transcript is unnecessary for this court to address his point of error regarding the prosecution's failure to formally charge him. Alternatively, Hoang contends that this court should address his remaining points of error on appeal that were not addressed by the ICA.

A. *Failure to Include the Arraignment Transcript*

■ Hoang contends that he and the prosecution both agree as to the facts of his arraignment, including the fact that he waived the reading of the oral charge and that the prosecution failed to formally charge him. Hoang contends that this court may consider these facts as admissions by both himself and the prosecution in order to address his point of error because both parties treat the failure to formally charge him at his arraignment and trial as true. Moreover, because his point of error is one of first impression in Hawai'i, Hoang contends that this court should vacate its April 17, 2000 order and discuss the alleged error to provide guidance to the trial courts. Relying upon dictum in State v. Apao, 59 Haw. 625, 627–28, 586 P.2d 250, 253–54 (1978), *superceded by statute as acknowledged* in *Briones v. State*, 74 Haw. 442, 456 n. 7, 848 P.2d 966, 974 n. 7 (1993), Hoang maintains that the arraignment transcript is unnecessary for this court to review his point of error regarding the oral charge. Hoang's reliance upon Apao, however, is misplaced.

In Apao, the defendant alleged that the trial court erred when it failed, *inter alia*, to dismiss his grand jury indictment. *Id.* at

627, 586 P.2d at 253. Although the defendant failed to include the transcript of the grand jury hearing that lead to his indictment in the record on appeal, this court stated that "the briefs of appellee and appellant agree as to the following facts and we accept the facts as admissions." *Id.* at 627–28, 586 P.2d at 253–54. This court regarded the following general facts of the grand jury proceeding as admissions:

On November 20, 1974, the grand jury heard testimony connecting appellant with the murder of the victim. Three witnesses were called to testify. The first witness, police officer William Ornellas, testified that appellant was involved in a prior murder prosecution as a defendant, and the victim had been a witness against the appellant in the prior case. Following the testimony of Ornellas, two other witnesses, Gilbert Mattos and detective Louis Souza, testified as to the events of July 20, 1974, the day the victim was killed.

*Id.* at 628, 586 P.2d at 254. However, as to the defendant's contention that Officer Ornellas's grand jury testimony biased the grand jury against him, this court stated that "*[t]he record is insufficient to show* that the alleged improper testimony of Officer Ornellas clearly influenced the jurors[.]" *Id.* at 638, 586 P.2d at 259 (emphasis added). Accordingly, this court affirmed the trial court's ruling that the grand jury indictment was proper. *Id.*

■ The "admissions" accepted in Apao, which are distinguishable from the present case, concerned facts, specifically the number and order of testifying witnesses during the grand jury proceedings, that were inconsequential to that defendant's point of error that the trial court erred when it failed to dismiss his indictment. In contrast, whether Hoang was orally charged in the instant case is directly relevant to whether the prosecution failed to formally charge him. Moreover, Hoang fails to recognize that, in Apao, this court affirmed the validity of the grand jury indictment because the defendant in that case had likewise failed to demonstrate the alleged error by not including the relevant transcript. *See id.* In this regard, Hoang's contention that the prosecution

failed to formally charge him is similar to the defendant's argument in *Apao* that an officer's grand jury testimony biased the grand jury against him. Without the relevant transcript, there is insufficient evidence to review the alleged error, and Hoang carries the burden of demonstrating the alleged error *in the record*. As expressed in *Territory of Hawai'i v. Montgomery*, 38 Haw. 561 (1950),

> "Every presumption that a court may rightfully entertain in a criminal cause is in favor of the record and the regularity of the proceedings of the trial court. The duty is incumbent on the petitioner alleging error to make the same manifest by bringing the record before the appellate court so as to disclose either that the things complained of were not done in the manner provided by law or were done in a manner prejudicial to the rights of the petitioner. We cannot presume error in the absence of the record." *Oriemon v. Territory of Hawaii*, 13 Haw. 413, 415.

*Id.* at 569. Because the factual basis of Hoang's alleged point of error is not part of the record on appeal, this court has no basis upon which to rule on the merits of his claim. *See Apao*, 59 Haw. at 638, 586 P.2d at 259. Where the record is insufficient to show that the alleged error occurred, the presumption that the arraignment was valid as required by law must prevail. *See id.* (holding that, where the record was insufficient to show that the alleged improper testimony influenced the grand jury, "it will be presumed that the indictment was found as the law directs") (citing *State v. Layton*, 53 Haw. 513, 516, 497 P.2d 559, 561–62 (1972)). In other words, we will not presume error from a silent record.

■ An appellant's burden of demonstrating error in the record is consistent with Hawaii's case law and court rules. In "confession of error" cases where the prosecution "admits" to error, *see State v. Wasson*, 76 Hawai'i 415, 418, 879 P.2d 520, 523 (1994); *Territory v. Kogami*, 37 Haw. 174, 175 (1945), this court has stated that, "even when the prosecutor concedes error, before a conviction is reversed, 'it is incumbent on the appellate court [first] to ascertain ... that the confession of error is supported by the record and well-founded in law and [second] to determine that such error is properly preserved and prejudicial.'" *Wasson*, 76 Hawai'i at 418, 879 P.2d at 523 (quoting *Kogami*, 37 Haw. at 175). In other words, a confession of error by the prosecution "is not binding upon an appellate court, nor may a conviction be reversed on the strength of [the prosecutor's] official action alone." *Kogami*, 37 Haw. at 175.

■ In the instant case, even if the prosecution confessed error in failing to formally charge Hoang because he waived the reading of the charge, this court must still determine whether the error was properly preserved, was prejudicial to Hoang, and is supported by the record. *See Wasson*, 76 Hawai'i at 419, 879 P.2d at 523 (noting that the prosecution's confession of error as to the circuit court's denial of the defendant's Rule 48 motion to dismiss was proper). Hoang's failure to include the arraignment transcript in the record effectively precludes this court from determining, as a matter of law, whether the confession of error by the prosecution is justified. *See Kogami*, 37 Haw. at 175.

■ Additionally, Hoang contends that, because the issue raised in his appeal is one of first impression in Hawai'i, this court should address it in order to provide guidance to the trial courts. We decline to do so.

■ "It is ... the prevailing doctrine in our judicial system that an action not founded upon an actual controversy between the parties to it, and brought for the purpose of securing a determination of a point of law, is collusive and will not be entertained[.]" *Reynolds v. Van Culin*, 36 Haw. 556 (1943). Because we cannot verify the alleged error from the record in this case, and we will not presume error based upon a silent record, the presumption that the trial court acted without error must prevail. *See Apao*, 59 Haw. at 638, 586 P.2d at 259. Accordingly, based upon the foregoing, we deny Hoang's motion for reconsideration as it relates to the arraignment proceedings and sustain our April 17, 2000 order in that respect.

### B. *Remaining Points of Error on Appeal*

As previously stated, Hoang raised several other points of error that the ICA declined to review after vacating Hoang's conviction. Because the alleged points of error were preserved and supported by the record on appeal, we grant Hoang's motion for reconsideration in part and remand this case to the ICA to address the remaining points of error.

### III. *CONCLUSION*

Based upon the foregoing, we sustain our April 17, 2000 order as it relates to Hoang's failure to include the arraignment transcript in the record on appeal. However, we vacate that portion of the April 17, 2000 order that affirmed the judgment, conviction, and sentence, and remand this case to the ICA to address Hoang's remaining points of error.