**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000603
24-JUN-2020
07:49 AM**

NO. CAAP-19-0000603

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JOHANNA DURAN DECKER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-19-00803)


SUMMARY DISPOSITION ORDER
(By:  Chan, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Johanna Duran Decker (Decker), self-represented, appeals from the Judgment and Notice of Entry of Judgment, filed on July 25, 2019, in the District Court of the Third Circuit (District Court).[1]

Decker was convicted of Driving Without a License, in violation of Hawaii Revised Statutes (HRS) § 286-102(b)(3) (Supp. 2019),[2] and No No-Fault Insurance, in violation of HRS

---

[1]     The Honorable Robert J. Crudele presided.

[2]     HRS § 286-102 states, in relevant part:

> **§286-102 Licensing.**
>
> . . . .
>
> (b)  A person operating the following category or combination of categories of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers:

§ 431:10C-104(a) (2019).[3]

On appeal, Decker contends that the District Court erred in convicting her because: (1) "sitting behind the steering wheel in the front left seat of Defendant's private automobile did not automatically prove she was engaged in the commercial act of 'driving' as defined by [HRS §] 286-2"; (2) "Plaintiff Medeiros testified in court that there were no advertisements on Defendant's automobile soliciting the use of automobile nor any evidence Defendant was engaged in transporting people or products as a driver"; (3) "Alicia Omelau, custodian of records at the Department of Motor Vehicles[,] testified that she did not know of any application/contract between Defendant and the DMV for a Hawaii State driver's license nor had a Hawaii State driver's license ever been issued"; (4) "[t]heir testimonies proved Defendant had not applied for the licensed occupation of any kind of driver (bus driver, uber driver, taxi driver, commercial driver, etc.), was not engaged in driving, and had not injured anyone nor damaged property that would be probable cause of a clearly and articulable crime for Plaintiff Medeiros to detain, identify, arrest and put to trial the Defendant"; (5) there was no probable cause to arrest her; (6) the District Court "had no jurisdiction over the Defendant living in the Hawaiian Kingdom and traveling upon lands of the Hawaiian Kingdom"; (7) there can be no penalty upon someone exercising the right to travel; (8)

. . .

 (3) Passenger cars of any gross vehicle weight rating, buses designed to transport fifteen or fewer occupants, trucks and vans having a gross vehicle weight rating of eighteen thousand pounds or less, and autocycles as described in paragraph (2) of the definition of "motorcycle" in section 286-2[.]

[3] HRS § 431:10C-104 states, in relevant part:

**§431:10C-104 Conditions of operation and registration of motor vehicles.** (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

the judgment against her restricts her right to apply for the privilege of driving in the future; and (9) "one who is traveling upon their own highways can not [sic] be forced to contract and insure their own private automobile for any possible future accidents."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Decker's points of error as follows:

Points of Error 2, 3, and 4.[4]  Decker challenges witness testimony in Points of Error 2, 3, and 4.  However, there is no transcript of the cited witness testimony in the record on appeal.  It is the appellant's burden to demonstrate error in the record.  State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000).  Decker's failure to include the transcript in the record on appeal effectively precludes this court from determining points of error 2, 3, and 4.  See id.  "Because we cannot verify the alleged error from the record in this case, and we will not presume error based upon a silent record, the presumption that the trial court acted without error must prevail."  Id.

Point of error 1.  Contrary to Decker's claim, she was not convicted of Driving Without a License for merely sitting behind the steering wheel of her vehicle.

Under HRS § 286-2 (2007), "'Driver' means every person who drives, operates, or is in actual physical control of a motor vehicle in any place open to the general public for purposes of vehicular traffic or who is exercising control over or steering a vehicle being towed or pushed by a motor vehicle," and "'Drive' means to drive, operate, or be in physical control of a motor vehicle in any place open to the general public for purposes of vehicular traffic."

---

4  Points of error 2, 3, and 4 are discussed out of chronological order here in order to logically address Decker's claims.

In its Findings of Fact,[5] the District Court found that: Officer Medeiros observed a Toyota pickup truck traveling on Highway 130 in the County of Hawaiʻi; Highway 130 is a highway within the meaning of HRS §§ 431:10C-104 and 286-102; Officer Medeiros, using a radar gun, determined that the pickup truck was traveling in excess of the applicable speed limit; Officer Medeiros conducted a traffic stop of the vehicle and made contact with the driver, which was Decker; Decker failed to produce any driver's license or permit indicating that she was authorized to operate any type of motor vehicle; Decker was the operator of the Toyota pickup truck at the time of the traffic stop; and the Custodian of Records of the Driver's License and Registration Department of the County of Hawaii's search of its database failed to disclose that Decker had been issued any driver's license or permit by the State of Hawaiʻi.  Therefore, Decker's conviction for Driving Without a License was based upon Decker being the driver or operator of her vehicle, without being appropriately examined and duly licensed, and was not for merely sitting behind the steering wheel of the vehicle.

Points of error 4 and 5.  For the first time on appeal, Decker asserts a lack of probable cause for her arrest. "[A]bsent unusual circumstances, any defects in a pretrial determination of probable cause are rendered moot, or are without any effective remedy, which is much the same thing, by a subsequent conviction[.]"  In re Doe, 102 Hawaiʻi 75, 78, 73 P.3d 29, 32 (2003) (footnote and citation omitted).

Point of error 6.  Decker's claim that the District Court lacked jurisdiction over her because she was living and

_____

[5]   As stated above, Decker failed to include the transcript in the record on appeal.  Insofar as the District Court relied upon witness testimony in forming the Findings of Fact recited *infra,* the failure to include the transcript also precludes this court from determining any asserted error in these Findings of Fact and we are thus bound by them.  See Hoang, 93 Hawaiʻi at 336, 3 P.3d at 502; see also Bremer v. Weeks, 104 Hawaiʻi 43, 63, 85 P.3d 150, 170 (2004) ("findings of fact that are not challenged on appeal are binding on the appellate court" (brackets, ellipses, and citations omitted)).

traveling in the Kingdom of Hawai'i is without merit.  State v. Kaulia, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013) ("[W]e reaffirm that '[w]hatever may be said regarding the lawfulness' of its origins, 'the State of Hawai'i is now[] a lawful government.'  Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws." (citations and ellipsis omitted)).

Points of error 7 and 9.  Decker claims that her convictions impose a penalty for and infringe upon her constitutional right to travel, and that she cannot be forced to obtain no-fault insurance as a condition of driving a vehicle. Driving is a privilege that only ripens into a constitutionally protected property interest once it is conferred.  State v. Toyomura, 80 Hawai'i 8, 21, 904 P.2d 893, 906 (1995).  Because Decker did not have a driver's license, she had no constitutionally protected property interest.  Further, the right to travel under the United States Constitution is not implicated unless interstate travel is involved.  State v. French, 77 Hawai'i 222, 231, 883 P.2d 644, 653 (App. 1994).  In this case, Decker's travel was limited to Highway 130 on Hawai'i island and thus did not constitute interstate travel.  As to intrastate travel, the supreme court has recognized a right to freedom of movement under article I, section 2 of the Hawai'i Constitution, but has also recognized that it is subject to the State's police power to regulate an individual's conduct for the protection of society.  Id.  Thus HRS §§ 286-102 and 431:10C-104(b) are constitutional because the requirements on the operation of motor vehicles are rationally related to the purpose of the statutes and do not violate the right to freedom of movement.  Id. at 229-32, 883 P.2d at 651-54.

Point of error 8.  Decker states: "The Judgment against her, restricts in advance, Defendant's right to apply for the privilege of driving in the future if chosen to."  As part of her sentence for No No-Fault Insurance, the District Court imposed a

5

90-day driver's license suspension. "The examiner of drivers shall not issue any license to any person: (1) Whose license has been suspended by a court of competent jurisdiction during the suspension period[.]" HRS § 286-104 (Supp. 2019). Thus, Decker's conviction for No No-Fault Insurance precludes her from obtaining a driver's license during the suspension period. However, Decker provides no argument as to why imposition of the suspension period is impermissible with respect to the privilege of driving. Therefore, the point of error is deemed waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, filed on July 25, 2019, in the District Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, June 24, 2020.


On the briefs:

Leneigha S. Downs,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Johanna Duran Decker,
Self-Represented, Defendant-
Appellant.

/s/ Derrick H. M. Chan
Presiding Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge