**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000113**
**26-MAY-2023**
**07:53 AM**
**Dkt. 27 SO**

NO. CAAP-22-0000113

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WANDA LEE LEOPOLDINO, Plaintiff-Appellant,
v.
JOHN CASEY WONG, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO.  FC-DA 21-1-0517)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Wanda Lee Leopoldino (**Leopoldino**), self-represented, appeals from: (1) the February 15, 2022 "Order Dissolving Temporary Restraining Order [(**TRO**)] for Protection" (**Order Dissolving TRO**), and (2) the March 1, 2022 "Order Denying Petitioner [sic] Motion for Reconsideration (**Motion for Reconsideration**) of This Order Dissolving Petitioner's Temporary Restarting [sic] Order" (**Order Denying Reconsideration**), both filed and entered by the Family Court of the Third Circuit.[1]

Leopoldino raises the following points of error on appeal: (1) the Family Court erred in denying Leopoldino's

---

[1]    The Honorable Jeffrey W. Ng presided.

"motion for a TRO/Restraining Order"; and (2) the Family Court erred in "not ensuring [Leopoldino]'s [sic] was protected from someone who possess [sic] a threat to her life."[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Leopoldino's points of error as follows, and affirm.

On September 9, 2021, Leopoldino filed a Petition for an Order for Protection (**Petition**) against Defendant-Appellee John Casey Wong (**Wong**). The Family Court issued the TRO, finding "probable cause to believe that . . . [a] past act or acts of abuse have occurred, or that threats of abuse make it probable that acts of abuse may be imminent."

The Family Court conducted a hearing on December 7, 2021 to allow Wong to respond to the allegations in the TRO. Wong denied the allegations, and the Family Court set the matter for an evidentiary hearing.

The Family Court held the evidentiary hearing on February 15, 2022.[3] Following the hearing, the Family Court

---

[2] Leopoldino's points do not cite to "where in the record the alleged error[s] occurred" and "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court" as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(ii) and (iii). The Opening Brief also contains no record references as required by HRAP Rule 28(b)(3), (4), and (7). Despite non-compliance with the HRAP, we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up). See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (stating that, to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not be automatically foreclosed from appellate review for failure to comply with court rules).

[3] Leopoldino did not request transcripts of the February 15, 2022 evidentiary hearing as required by HRAP Rule 10. See HRAP Rule 10(a)(1)(A) (requiring a transcript request "[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from . . . .").

issued an Order Dissolving TRO stating that the TRO was dissolved due to "insufficient evidence."

On February 22, 2022, Leopoldino submitted her Motion for Reconsideration to the Family Court, which was denied, without a hearing, on March 1, 2022.[4]

This timely appeal followed.

Leopoldino argues that her "Motion for TRO/Restraining Order" was "improperly denied, wherein the facts supported the issuing of a restraining order." Leopoldino makes a general assertion that it was "unconstitutional" for the Family Court to deny her motion, "wherein her life is in danger[,]" but does not cite to any authority in support, or present any argument. This argument is waived. See HRAP Rule 28(b)(4) and (7); Ito v. Investors Equity Life Holding Co., 135 Hawaiʻi 49, 74, 346 P.3d 118, 143 (2015) ("Where an appellant makes general assertions of a due process violation, without further elaboration or citation to authority, the court cannot reach a reasoned conclusion, and the due process argument is deemed waived.") (citing Cnty. of Hawaiʻi v. C & J Coupe Family Ltd. P'ship, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008)).

Leopoldino also argues that the Family Court erred in not considering facts that she presented to support the issuance of the TRO. Leopoldino did not provide the transcript of the February 15, 2022 evidentiary hearing to support her argument that the Family Court did not consider certain evidence presented at the hearing. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230,

---

[4] Leopoldino does not present any argument in her brief on the Order Denying Reconsideration.

909 P.2d 553, 558 (1995) (alteration in original) (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)).  An appellate court will not presume error from a silent record.  In re Camacho, 140 Hawaiʻi 404, 413, 400 P.3d 605, 614 (App. 2017) (citing State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000)).  Without a transcript, there is no basis upon which to review the alleged error by the Family Court.  See Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558.

For the foregoing reasons, we affirm the (1) February 15, 2022 "Order Dissolving Temporary Restraining Order for Protection" and (2) the March 1, 2022 "Order Denying Petitioner [sic] Motion for Reconsideration of This Order Dissolving Petitioner's Temporary Restarting [sic] Order," filed and entered by the Family Court of the Third Circuit.

DATED:  Honolulu, Hawaiʻi, May 26, 2023.

On the briefs:

Wanda Lee Leopoldino,
Plaintiff-Appellant
Self-represented.

Sara B. Vargas,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge