**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000519
23-JUN-2023
07:54 AM
Dkt. 55 SO**

NO. CAAP-21-0000519

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MELEANA L. SMITH, Petitioner-Appellee,
v.
MARIAM WAHBAA, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CIVIL NO. 3DSS-21-0000526)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Self-represented Defendant-Appellant Mariam Wahbaa (**Wahbaa**) appeals from the September 8, 2021 Order Granting Petition for Injunction Against Harassment (**Order Granting Petition for Injunction**), filed and entered by the District Court of the Third Circuit, Ka'u Division (**District Court**).[1]

In what appears to be an Opening Brief, entitled "Restraining Order Appeal," Wahbaa argues, among other things, that she did not "get a chance to speak to defend [her]self."

---

[1] The Honorable Kimberly B. Taniyama presided.

Wahbaa's Opening Brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28. There are no points of error, no record references, and no transcript of the September 8, 2021 hearing at which the Order Granting Petition for Injunction was issued.

Despite non-compliance with the HRAP, we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up). To promote access to justice, we interpret pleadings prepared by self-represented litigants liberally and attempt to afford them appellate review even though they fail to comply with court rules. See Erum v. LLego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we consider Wahbaa's arguments to the extent we can discern them.

Upon careful review of the record and the brief submitted by Wahbaa,[2] and having given due consideration to the arguments advanced and the issue raised, we affirm.

The procedural history of this case, which we glean from the District Court's file and minutes, shows that on June 29, 2021, Smith filed a Petition for Ex Parte Temporary Restraining Order (**TRO**) and for Injunction Against Harassment (**Petition for Injunction**) against Wahbaa. The District Court issued the TRO.

On July 13, 2021, there was a hearing with both Smith and Wahbaa present, and the District Court scheduled an evidentiary hearing on the Petition for Injunction on September 8, 2021 at 10:00 a.m.

---

[2] Plaintiff-Appellee Meleana L. Smith (**Smith**) did not submit an Answering Brief.

2

At the September 8, 2021 hearing, for which no transcript is provided,[3] the minutes reflect a time of "1002" or 10:02 a.m., and state:

> Petitioner [Smith] present. Absence of Respondent [Wahbaa]. Arabic interpreter . . ., present by remote appearance for respondent [Wahbaa]. Three calls made for Respondent [Wahbaa], respondent [Wahbaa] is not present. Interpreter released. Court granted injunction for three years.

A Return of Service filed on the same date states: "[Wahbaa] walked into the courtroom at 10:08 a.m. after case had already been heard. [Wahbaa] handed a copy of order during recess." The Return of Service shows that Wahbaa was served in open court at 10:14 a.m.

On September 22, 2021, Wahbaa timely appealed, and her Notice of Appeal states:

**Notice of Appeal**

> I [sic] Mariam Wahbaa, is writing [sic] this notice to appeal to inform the court that I would like to appeal the restraining order judgement held against me.[sic] On September 8th, 2021 at 10:00 AM I had a court date and the case number is 3DSS-21-00525 and was at the court at 10:00 AM and got in the court room at 10:04 AM. I was present and the judge did not call on me to defend myself and dismissed my case. Out of respect I waited there for her to call on me but she didn't and just left the court room. I would like to appeal this decision because I believe I did not have a fair trial. I also had a flight on the same date and had to postpone my flight because of this.

(Emphases added). Wahbaa's Opening Brief states that she did not "get a chance to speak" and essentially presents her factual account and opinion about the circumstances concerning herself and Smith surrounding the Petition for Injunction. Wahbaa's

---

[3]    Wahbaa did not request transcripts of the September 8, 2021 evidentiary hearing as required by HRAP Rule 10. See HRAP Rule 10(a)(1)(A) (requiring a transcript request "[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from . . . .").

account and opinion are not part of the record.  The remainder of Wahbaa's brief discusses an issue that has no discernible relevance to this appeal.

We do not have a record of what transpired at the September 8, 2021 hearing.  "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript."  Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (alteration in original) (citation and internal quotation marks omitted).  An appellate court will not presume error from a silent record.  In re Camacho, 140 Hawaiʻi 404, 413, 400 P.3d 605, 614 (App. 2017) (citing State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000)).

Here, it appears that the District Court started the hearing at 10:02 a.m., with Smith and the Arabic interpreter for Wahbaa present.  When Wahbaa failed to appear, the District Court made three calls, to which Wahbaa did not respond; dismissed the interpreter; and granted Smith's Petition for Injunction.  The Return of Service states Wahbaa entered the courtroom at 10:08 a.m., but Wahbaa claims appearing in the courtroom at 10:04 a.m.  While Wahbaa's time of arrival is contested, it is not disputed that Wahbaa was late.  The District Court cannot be faulted for conducting the 10:00 a.m. hearing at 10:02 a.m.  See Waltrip v. Lopes, No. CAAP-17-0000846, 2021 WL 4129784, at *3 (App. Sept. 10, 2021) (SDO) ("[Defendant] appeared for the hearing at 9:40 a.m.; he was 10 minutes late. The record does not contain a transcript of the hearing on [defendant]'s motion to set aside his default. On this record we cannot say that the district court abused its discretion by setting aside the entry of [defendant]'s

4

default."); Yoshimi Hata v. Muñoz, No. 28291, 2008 WL 4151817, at *3 (App. Sept. 10, 2008) (SDO) (holding that the district court could not be faulted for conducting a hearing as scheduled when defendants appeared over twenty-five minutes late at a hearing due to their failure to properly request accommodations and not contacting the court).

Without a transcript, there is no basis upon which to review Wahbaa's claims regarding the District Court not calling Wahbaa or not allowing Wahbaa to speak at the hearing. See Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558. On this record, we cannot say that the District Court erred in proceeding with the hearing and granting the Petition for Injunction. See Waltrip, 2021 WL 4129784, at *3; Yoshimi Hata, 2008 WL 4151817, at *3.

For the foregoing reasons, we affirm the September 8, 2021 Order Granting Petition for Injunction Against Harassment, filed and entered by the District Court of the Third Circuit, Kaʻu Division.

DATED: Honolulu, Hawaiʻi, June 23, 2023.

On the briefs:

Mariam Wahbaa,
Self-Represented Respondent-
Appellant.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

5