**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000726**
**31-OCT-2024**
**08:13 AM**
**Dkt. 91 SO**

NO. CAAP-20-0000726


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JOHN DAVIS, Plaintiff-Appellant/Cross-Appellee, and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Plaintiff-Intervenor-Appellee/Cross-Appellee, v.
GP SERVICES, LLC, Defendant-Appellee/Cross-Appellant; and
YOUNG BROTHERS LIMITED; JOHN DOES 1-5; JANE DOES 1-5,
DOE PARTNERSHIPS 1-5, DOE CORPORATIONS 1-5, ROE NON-PROFIT
CORPORATIONS 1-5, and ROE GOVERNMENTAL ENTITIES 1-5,
Defendants-Appellees/Cross-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC111000497)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Appellee/Cross-Appellant **GP** Services, LLC

appeals from the Circuit Court of the First Circuit's[1]

October 20, 2020 "Order Granting in Part and Denying in Part

Defendant GP Services, LLC's Motion for Attorneys' Fees and

---

[1] The Honorable Gary W.B. Chang presided.

Costs Filed on May 3, 2017" (**Fees and Costs Order**) and October 20, 2020 Final Judgment.  The circuit court's October 1, 2021 First Amended Final Judgment (**Amended Judgment**) affirmed its original grant of costs in its Fees and Costs Order.

On appeal, GP challenges the circuit court's Fees and Costs Order.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

**(1)**  GP contends the circuit court "abused its discretion by not designating GP as the prevailing party as against" Plaintiff-Intervenor-Appellee/Cross-Appellee Hawaii Employers' Mutual Insurance Company, Inc. (**HEMIC**).  (Formatting altered.)

Hawaiʻi Arbitration Rules (**HAR**) Rule 25 defines "prevailing party" in a trial de novo as "the party who (1) appealed and improved upon the arbitration award by 30% or more, or (2) did not appeal and the appealing party failed to improve upon the arbitration award by 30% or more."  HAR Rule 25(A).

According to the Fees and Costs Order, the issue "came on for oral hearing on June 1, 2017 . . . ."  The June 1, 2017 circuit court minutes show that there was a 30-minute hearing,

2

and the circuit court "concluded that only Mr. Davis is subject to [Court Annexed Arbitration Program] sanctions because Mr. Davis was the only party that filed the request for trial de novo and notice of appeal." (Formatting altered.)

GP does not point to where in the record HEMIC appealed from the arbitration award. GP instead argues that the circuit court should have exercised its inherent authority to designate HEMIC an appealing party. "However, the Supreme Court has cautioned that because of the very potency of a court's inherent power, it should be exercised with restraint and discretion." Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawaiʻi 452, 458, 903 P.2d 1273, 1279 (1995) (cleaned up). And there was no reason for the circuit court to invoke its inherent authority when HAR Rule 25 specifically speaks to the issue.

**(2)** GP also contends the circuit "abused its discretion by not awarding attorneys' fees against Davis and HEMIC" and not awarding all of its costs. (Formatting altered.)

HAR Rule 26(A) provides that "[a]fter the verdict is received and filed, or the court's decision rendered in a trial de novo, the trial court may, in its discretion, impose sanctions . . . against the non-prevailing party whose appeal resulted in the trial de novo." (Emphasis added.) "[A]n abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law

3

or practice to the substantial detriment of a party litigant." Enoka v. AIG Haw. Ins. Co., 109 Hawaiʻi 537, 544, 128 P.3d 850, 857 (2006) (quoting Price v. AIG Haw. Ins. Co., 107 Hawaiʻi 106, 110, 111 P.3d 1, 5 (2005)).

Possible sanctions include "[r]easonable costs and fees (other than attorneys' fees) actually incurred by the party but not otherwise taxable under the law, including, but not limited to, expert witness fees, travel costs, and deposition costs" and "[a]ttorneys' fees not to exceed $15,000[.]" HAR Rule 26(B)(1), (3). "In determining sanctions, if any, the court shall consider all the facts and circumstances of the case and the intent and purpose of the" Court Annexed Arbitration Program. HAR Rule 26(D).

GP does not argue that the circuit court failed to "consider all the facts and circumstances of the case and the intent and purpose" of the Court Annexed Arbitration Program. GP also does not explain how the circuit court exceeded the bounds of reason or disregarded the law.

The June 1, 2017 minutes show that the circuit court "addressed costs" and "gave its reasons . . . ." (Formatting altered.) As to sanctions under HAR Rule 26, the minutes note that the circuit court "exercised its discretion and did not award [Court Annexed Arbitration Program] sanctions against Mr. Davis." (Formatting altered.)

Hawaiʻi Rules of Appellate Procedure Rule 10(b)(1)(A) provides that "[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the circuit court appealed from," the appellant must order the transcripts within 10 days of filing the notice of appeal. GP failed to comply with this rule, and without a transcript of the June 1, 2017 hearing, we will not conclude the circuit court abused its discretion based on what transpired during the hearing. See State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000) ("Without the relevant transcript, there is insufficient evidence to review the alleged error, and [the appellant] carries the burden of demonstrating the alleged error *in the record*.").

Based on the foregoing, we affirm the circuit court's October 20, 2020 Fees and Costs Order and October 1, 2021 Amended Judgment.

DATED: Honolulu, Hawaiʻi, October 31, 2024.

On the brief:                          /s/ Katherine G. Leonard
                                       Acting Chief Judge
Gary W.K. Au Young,
for Defendant-Appellee/                /s/ Karen T. Nakasone
Cross-Appellant.                       Associate Judge

Charles H. Brower,                     /s/ Sonja M.P. McCullen
Michael P. Healy,                      Associate Judge
for Plaintiff-Appellant/
Cross-Appellee.