**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000755
26-FEB-2026
07:53 AM
Dkt. 107 SO**

NO. CAAP-23-0000755

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DALE G. BASGALL, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2FFC-21-0000007)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Dale G. Basgall (**Basgall**) appeals from the Family Court of the Second Circuit's (**family court**) November 29, 2023 "Judgment and Sentence of the Court" (**Judgment**).[1]

On January 5, 2021, Plaintiff-Appellee State of Hawaiʻi (**State**) filed a "Felony Information and Non-Felony Complaint" (**Complaint**), charging Basgall with Felony Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (**HRS**)

---

[1] The Honorable Michelle L. Drewyer presided.

§ 709-906(1) (2014) and/or (8) (2014) (**Count 1**), Abuse of Family or Household Member, in violation of HRS § 709-906(1) and/or (5)(a) (2014) (**Count 2**), and Terroristic Threatening in the Second Degree, in violation of HRS § 707-717(1) (2014) (**Count 3**). A jury found Basgall guilty of Count 2, and not guilty of Counts 1 and 3. The family court sentenced Basgall to two years of probation.

Basgall raises three points of error on appeal, contending: (1) the family court erred by "failing to suppress Basgall's second statement," because it was "the tainted fruit" of Basgall's first statement, which the family court had found to be inadmissible; (2) the family court made "cumulative errors" that were not harmless beyond a reasonable doubt; and (3) ineffective assistance of counsel.

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Basgall's contentions of error as follows:

(1) Basgall contends that the family court erred in admitting his second statement to the Maui Police Department (**MPD**). He contends that his second statement was "the tainted fruit" of his first statement because it "resulted from the 'exploitation' of [his inadmissible first statement]." We review the family court's admission of Basgall's second

statement de novo under the right/wrong standard.  State v. Heggland, 118 Hawaiʻi 425, 434, 193 P.3d 341, 350 (2008).

Under the federal and state constitutions, "[t]he fruit of the poisonous tree doctrine prohibits the use of evidence at trial which comes to light as a result of the exploitation of a previous illegal act of the police."  State v. Lee, 149 Hawaiʻi 45, 50, 481 P.3d 52, 57 (2021) (cleaned up).  "Where the government proves that the evidence was discovered through information from an independent source or where the connection between the illegal acts and the discovery of the evidence is so attenuated that the taint has been dissipated, the evidence is not a 'fruit' and, therefore, is admissible."  State v. Fukusaku, 85 Hawaiʻi 462, 475, 946 P.2d 32, 45 (1997) (citations omitted).

"[E]vidence must first be objected to as being the 'fruit' before the government can be expected to prove that it was discovered through an independent source."  Id. (cleaned up).  The record reflects that Basgall did not move to exclude his second statement, and, as defense counsel represented, Basgall in fact "want[ed] that statement to come in."  See State v. Poaipuni, 98 Hawaiʻi 387, 394, 49 P.3d 353, 360 (2002) (holding that the circuit court did not plainly err where the defendant did not seek to exclude his inculpatory statement as tainted fruit).

We therefore conclude that the family court did not err by admitting the second statement.

(2 & 3) Basgall contends, inter alia, that the family court erred "in concluding that Basgall's [defense] counsel had opened the door regarding prior bad acts of Basgall during his cross-examination of [the complaining witness's (**CW**) daughter (**Daughter**)]." The State agrees and concedes error.[2] We review the family court's conclusion de novo under the right/wrong standard. State v. Miranda, 147 Hawaiʻi 171, 179, 465 P.3d 618, 626 (2020).

Under the "opening the door" doctrine,[3] when one party presents inadmissible evidence, the opposing party may "adduce pertinent evidence that would otherwise be inadmissible" as a rebuttal. Id. at 183, 465 P.3d at 630 (citation omitted). "The extent of this doctrine is limited, [however,] and it does not allow a party to adduce inadmissible evidence for the purpose of rebutting inferences raised by the introduction of admissible evidence." Id. (citations omitted).

---

[2] We note that the State's concession of error is not binding on this court. In "confession of error" cases, appellate courts have an independent duty "first[,] to ascertain that the confession of error is supported by the record and well-founded in law[,] and second[,] to determine that such error is properly preserved and prejudicial." State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000) (cleaned up).

[3] Hawaiʻi has not adopted the "opening the door" doctrine. Miranda, 147 Hawaiʻi at 183 n.13, 465 P.3d at 630 n.13. We need not decide whether Hawaiʻi should adopt the doctrine because it does not apply to this case. See id. at 184 n.14, 465 P.3d at 631 n.14.

The record reflects that defense counsel, during his cross-examination of Daughter, introduced the video recording of an MPD interview, in which Daughter referenced CW's history of concussions[4]:

>           THE OFFICER:      So you're -- you're not seriously injured?  You don't need medics or anything right now, do you?
>           [CW]:         I was thinking maybe a pain pill sometime soon, but I was -- yeah, because I'm going to start feeling pain  --
>           **[Daughter]: Yeah, she's -- she's had a lot of concussions --**
>           [CW]:         -- sooner than later.
>           **[Daughter]: -- in her lifetime, but we don't go -- we can't afford medical attention.**
>           [CW]:         No, it's not necessary really.

(Emphasis added.)

After the recording was played, defense counsel asked Daughter, "Now, when you made [that] statement[,] . . . were you talking about previous concussions?"  Daughter responded, "Yes." The State did not object.  The question was admissible to clarify that Daughter was not saying CW sustained a concussion during the incident in question.

The State, during re-direct examination, asked Daughter whether CW's multiple concussions were of "[CW's] own doing," and whether Daughter knew who caused those concussions. Basgall objected.  The State argued that defense counsel's cross-examination had "opened the door" to the State's

---

[4]      The State stipulated to the admission of Defense Exhibits M-1 through M-13 into evidence, which included the video recording.

questions. The family court overruled Basgall's objection, and Daughter testified that Basgall had "caused those concussions."

We conclude that Basgall's introduction of admissible evidence regarding CW's concussions did not "open the door" to the State's inadmissible evidence of Basgall's prior bad acts. See Hawaii Rules of Evidence Rule 404(b) (prohibiting the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith").

We therefore vacate the Judgment, and remand for further proceedings consistent with this summary disposition order. In light of our conclusion above, we decline to address the additional arguments that Basgall raises in point of error (2). We further decline to address Basgall's point of error (3), which asks this court to vacate the Judgment on the basis of ineffective assistance of counsel. See State v. Cordeiro, 99 Hawai'i 390, 428, 56 P.3d 692, 730 (2002).

DATED: Honolulu, Hawai'i, February 26, 2026.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Chad M. Kumagai,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge