NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000453
16-JAN-2025
07:49 AM
Dkt. 45 SO**

NO. CAAP-21-0000453

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE ESTATE OF BRIAN PAUL ESTEBAN, also known as
Brian P. Esteban, DECEASED.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CLP-19-0000030)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Petitioners-Appellants Douglas B. Esteban and Kiona L. Esteban (collectively **Petitioners**) appeal from the Probate Court of the First Circuit's[1] July 6, 2021 "Judgment on Order Denying Petition to Contest the Brian Esteban Will & Trust Dated 3/14/2014, Filed November 10, 2020" (**Judgment Denying Petition to Contest Will and Trust**) and "Order Denying Petition to Contest the Brian Esteban Will & Trust Dated 3/14/2014, Filed

_____

[1] The Honorable R. Mark Browning presided.

November 10, 2020" (**Order Denying Petition to Contest Will and Trust**).

On appeal, Petitioners contend the probate court "erred in failing to permit a contested hearing by referring [their] Petition to the Civil Trials Calendar pursuant to [Hawaiʻi Probate Rules (**HPR**)] Rule 20." Petitioners further contend this error violated their due process rights.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

HPR Rule 20 provides in pertinent part, "[t]he court by written order *may* retain a contested matter on the regular probate calendar or *may* assign the contested matter to the civil trials calendar of the circuit court." HPR Rule 20(a) (emphases added). We review the probate court's retention of the contested matter for an abuse of discretion. In re Est. of Kam, 110 Hawaiʻi 8, 24, 129 P.3d 511, 527 (2006). "[A]n abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Tr. of Est. of Bishop v. Au, 146 Hawaiʻi 272, 278, 463 P.3d 929, 935 (2020) (citations omitted).

Petitioners summarily maintain that the sheer volume of documents filed in the probate court and issues raised required more than a half day to resolve. Although Petitioners filed multiple documents in probate court, many of those documents raised the same issues or raised issues that were not relevant to the probate case. Thus, the volume of documents filed does not establish that the probate court disregarded rules or principles of law to Petitioners' substantial detriment.

Petitioners also argue their procedural due process rights were violated when the probate court did not refer the contested matter to the civil trials calendar as "they did not have the opportunity to be heard or the opportunity to make a factual record."

"[P]rocedural due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner[.]" In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 239, 151 P.3d 717, 720 (2007) (cleaned up). "Where a party has notice and an opportunity to be heard there is not a denial of due process." Est. of Von Baravalle, 144 Hawaiʻi 60, 434 P.3d 1255, No. CAAP-16-0000073, 2019 WL 762406 at *4 (App. Feb. 12, 2019) (SDO).

Petitioners had notice of, and participated in, the proceedings in this case. We note that Petitioners did not

request transcripts of the proceedings and "[w]ithout the relevant transcript[s], there is insufficient evidence to review the alleged error[.]"  State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000); Hawaiʻi Rules of Appellate Procedure Rule 10(b)(1)(A) (placing the burden to request the necessary transcripts on appellant).  Thus, Petitioners failed to show they were denied their due process rights.

Based on the foregoing, we affirm the probate court's July 6, 2021 Judgment Denying Petition to Contest Will and Trust and Order Denying Petition to Contest Will and Trust.

DATED:  Honolulu, Hawaiʻi, January 16, 2025.

On the briefs:                      /s/ Keith K. Hiraoka
                                    Presiding Judge
Pablo P. Quiban,
for Petitioners-Appellants.         /s/ Karen T. Nakasone
                                    Associate Judge
Jared N. Kawashima,
Christin D.W. Kawada,                /s/ Sonja M.P. McCullen
for Respondent-Appellee.            Associate Judge